IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MIGUEL ANGEL VASQUEZ SANCHEZ,<br>                Plaintiff,<br><br>          v.<br><br>MICHAEL ROSE, et al.,<br>                Defendants. | Civil No.: 2:26-cv-00504 |

**ORDER**

**AND NOW**, this 3rd day of February, 2026, upon consideration of the Petition for Writ of Habeas Corpus (ECF No. 1) and the Government's Response in Opposition to Petition for Writ of Habeas Corpus (ECF No. 3), **IT IS HEREBY ORDERED** that the Petition (ECF No. 1) is **GRANTED** as follows:

1. Mr. Vasquez is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2);

2. The Government shall **RELEASE** Mr. Vasquez from custody immediately and certify compliance with the Court's Order by filing an entry on the docket no later than 5:00 p.m. ET on February 4, 2026;

3. If the Government chooses to pursue re-detention of Mr. Vasquez pursuant to 8 U.S.C. § 1226(a), it must afford him the process due, including but not limited to a bond hearing upon his request, pursuant to 8 C.F.R. §§ 1236.1 (c)(8), (d)(1), etc.;[1] and

---

[1] Mr. Vasquez is a citizen of Guatemala. *See* Pet. for Habeas Corpus ¶ 21. He has resided in the United States since he entered without inspection in 2007. *Id.* at ¶ 1. On January 26, 2026, Mr. Vasquez was detained as he was exiting a job site. *Id.* at ¶ 2.

The Government contends that (1) this Court lacks jurisdiction to intervene in removal proceedings, (2) Mr. Vasquez is lawfully detained pursuant to 8 U.S.C. § 1225(b)(2), and (3) Mr. Vasquez's detention does not offend due process. The vast majority of federal courts, including this Court, have rejected these arguments. *See e.g., Buele Morocho v. Jamison*, No. CV 25-5930 (E.D. Pa. Nov. 26, 2025); *Patel v. McShane*, No. CV 25-5975, 2025 WL 3241212 (E.D. Pa. Nov.

4. The Clerk of Court is **DIRECTED** to **CLOSE** this case.[2]

BY THE COURT:

*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge

---

20, 2025); *Ndiaye v. Jamison*, No. CV 25-6007, 2025 WL 3229307 (E.D. Pa. Nov. 19, 2025); *Demirel v. Fed. Det. Ctr. Phila.*, No. 25-5488, 2025 U.S. Dist. LEXIS 226877 (E.D. Pa. Nov. 18, 2025); *Kashranov v. Jamison*, No. 25-5555, 2025 WL 3188399 (E.D. Pa. Nov. 14, 2025); *Cantu-Cortes v. O'Neill*, No. 25-6338, 2025 WL 3171639 (E.D. Pa. Nov. 13, 2025).

The Government also mentions in a footnote that it is reviewing *Khalil v. President, United States of America, et al.* (No. 25-2162) to determine its effect on Section 1225(b)(2) cases, but it makes no argument as to its applicability here. Nonetheless, the Court concurs with other decisions in this District: 8 U.S.C. § 1252(b)(9) does not prohibit the Court's review of Mr. Vasquez's Petition. *See Kourouma v. Jamison*, No. 26-CV-0182, 2026 WL 120208, at *3 (E.D. Pa. Jan. 15, 2026) (Marston, J.); *Montes Restrepo v. Jamison*, No. 25-CV-6518, 2026 WL 141803, at *5 (E.D. Pa. Jan. 20, 2026) (Leeson, J.).

Accordingly, Mr. Vasquez's mandatory detention without the opportunity for a bail hearing is unlawful.

[2] The Court shall retain jurisdiction of this matter for thirty (30) days unless otherwise ordered.